H22QSHVp

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
     UNITED STATES OF AMERICA
3
                   v.                          16 CR 749 (RA)
4                                              Plea
     BORIS SHVARTS
5
                   Defendant
6    ------------------------------x

7                                              New York, N.Y.
                                               February 2, 2017
8                                              2:30 p.m.

9

10   Before:

                         HON. RONNIE ABRAMS
11                                          District Judge

12
                              APPEARANCES
13
     PREET BHARARA
14        United States Attorney for the
          Southern District of New York
15   DAVID W. DENTON, JR.
          Assistant United States Attorney
16
     MIRVIS & ASSOCIATES PC
17        Attorney for Defendant
     TONY MIRVIS
18

19

20

21

22

23

24

25

H22QSHVp

1              (In open court; case called)

2              THE DEPUTY CLERK:  Counsel, state your name for the

3      record.

4              MR. DENTON:  Good afternoon, your Honor.  David Denton

5      for the government.

6              THE COURT:  Good afternoon.

7              MR. MIRVIS:  Good afternoon, Judge.  Tony Mirvis

8      appearing on behalf of Mr. Boris Shvarts, who is present to my

9      right.

10              THE COURT:  Good afternoon to both of you.

11              I understand, Mr. Shvarts, that you wish to plead

12      guilty to Count One of the superseding indictment.  Is that

13      correct?

14              THE DEFENDANT:  Yes.

15              THE COURT:  So, before deciding whether to accept your

16      plea, I'm going to ask you certain questions so that I can be

17      sure that you understand your rights, that you're pleading

18      guilty voluntarily, and that you're pleading guilty because you

19      are guilty and not for some other reason.  So, it's important

20      that you answer my questions honestly and completely.  If you

21      are having trouble understanding anything or if you want to

22      speak to your lawyer at any time, just let me know.  OK?

23              Ms. @Cavalle, please place the defendant under oath.

24              (Defendant sworn)

25              THE COURT:  You are now under oath.  You should know

H22QSHVp

1    that if you answer any of my questions falsely, you could be

2    charged with a separate crime of perjury.  Do you understand

3    that?

4            THE DEFENDANT:  Yes.

5            THE COURT:  I'm going to start by asking you questions

6    to be sure you are competent to plead guilty.  I ask this of

7    every defendant who seeks to plead guilty.

8            How old are you?

9            THE DEFENDANT:  26-years-old.

10           THE COURT:  How far did you get in school?

11           THE DEFENDANT:  Second year of college.

12           THE COURT:  Have you ever been treated or hospitalized

13   for mental illness?

14           THE DEFENDANT:  No, I have not.

15           THE COURT:  Have you ever been addicted to drugs or

16   alcohol?

17           THE DEFENDANT:  No, I have not.

18           THE COURT:  In the past 24 hours, have you taken any

19   drugs, medicine or pills or drunk any alcoholic beverages?

20           THE DEFENDANT:  No, I have not.

21           THE COURT:  Is your mind clear today?  And by that I

22   mean, do you understand what's happening in these proceedings?

23           THE DEFENDANT:  Yes, I do.

24           THE COURT:  Does either counsel have any doubt as to

25   defendant's competence to plead guilty?

H22QSHVp

1          MR. DENTON:  No, your Honor.

2          MR. MIRVIS:  I do not, Judge.

3          THE COURT:  On the basis of Mr. Shvarts' responses to

4  my questions, my observations of his demeanor here in court and

5  representations of counsel, I find that he is fully competent

6  to enter an informed plea at this time.

7          Have you had enough time and opportunity to discuss

8  your case with your attorney including the nature of the

9  charge, any possible defenses, and the rights you will be

10  giving up by pleading guilty?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Has your attorney discussed with you the

13  consequences of pleading guilty?

14          THE DEFENDANT:  Yes, of course.

15          THE COURT:  Are you satisfied with his representation

16  of you?

17          THE DEFENDANT:  Yes, I am.

18          THE COURT:  Now, what I'm going to do is I am going to

19  explain to you certain constitutional rights that you have.

20  These are rights that you will be giving up if you enter a

21  guilty plea.

22          So, first, under the Constitution and laws of the

23  United States, you have a right to plead not guilty to the

24  charge in the superseding indictment.  Do you understand that?

25          THE DEFENDANT:  Yes, I do.

H22QSHVp

1         THE COURT:  If you did plead not guilty, you'd be

2    entitled under the Constitution to a speedy and public trial by

3    jury of that charge.  Do you understand that?

4         THE DEFENDANT:  Yes, I do.

5         THE COURT:  In advance of trial, you would have the

6    opportunity to seek suppression of any or all of the evidence

7    against you on the basis that it was obtained in violation of

8    the Constitution.  Do you understand that?

9         THE DEFENDANT:  Yes, I do.

10         THE COURT:  At trial, you would be presumed to be

11   innocent.  That means that you would not have to prove that you

12   were innocent.  Instead, the government would need to prove

13   your guilt beyond a reasonable doubt before you could be found

14   guilty.  So even if you did nothing or said nothing at trial,

15   you could not be convicted unless a jury of 12 people agreed

16   unanimously that you are guilty.  Do you understand that?

17         THE DEFENDANT:  Yes, I do.

18         THE COURT:  During trial, the witnesses for the

19   prosecution would have to come to court and testify in your

20   presence where you could see them and hear them, and your

21   lawyer could cross-examine those witnesses.  If you wanted to,

22   your lawyer could offer evidence on your behalf.  You would be

23   able to use the Court's power to compel or force witnesses to

24   come to court and testify truthfully in your defense, even if

25   they didn't want to come.  Do you understand that?

H22QSHVp

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  At trial, you would have the right to

3    testify if you wanted to, but you would also have the right not

4    to testify.  And if you chose not to testify, that could not be

5    used against you in any way.  So no inference or suggestion of

6    guilt could be made from the fact that you chose not to

7    testify.  Do you understand that?

8          THE DEFENDANT:  Yes, I do.

9          THE COURT:  At trial, and at every stage of your case,

10   you would be entitled to be represented by an attorney, and if

11   you could not afford an attorney, one will be appointed at

12   public expense, meaning free of cost, to represent you.  Do you

13   understand that?

14         THE DEFENDANT:  Yes, I do.

15         THE COURT:  As I said before, you have the right to

16   plead not guilty.  So, even as you sit here right now for

17   purposes of entering a guilty plea, you have the right to

18   change your mind and go to trial.  But if you do plead guilty

19   and I accept your plea, there will be no trial, and you will

20   have to give up the rights that I just described.

21         If you plead guilty, all that will remain to be done

22   is for the Court, for me, to impose sentence.  I will enter a

23   judgment of guilty, and I'll sentence you on that basis after

24   getting whatever submissions I get from you, your attorney, the

25   government, as well as a presentence report prepared by the

H22QSHVp

1    probation department.  There will be no appeal with respect to

2    whether the government could use the evidence it has against

3    you or with respect to whether you did or did not commit a

4    crime.  Do you understand that?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  If you plead guilty, you should also

7    understand that you have to give up your right not to

8    incriminate yourself since I'm going to ask you certain

9    questions here in court today in order to assure myself that

10   you are guilty.  OK?

11             THE DEFENDANT:  Yes.

12             THE COURT:  As we discussed, I understand you seek to

13   plead guilty to Count One of the superseding indictment which

14   charges you with conspiring to commit wire fraud in violation

15   of Title 18 United States Code, Section 1349.  Is that correct?

16             THE DEFENDANT:  Yes, it is.

17             THE COURT:  Mr. Denton, could you please state the

18   elements of that offense?

19             MR. DENTON:  Yes, your Honor.  A violation of Title 18

20   United States Code, Section 1349 has two elements:

21             First, that two or more persons in some way or manner

22   agreed to try and accomplish a common and unlawful plan to

23   commit wire fraud in violation of Title 18 United States Code,

24   Section 1343 as charged in the indictment;

25             And, second, that the defendant knew the unlawful

H22QSHVp

1    purpose of the plan and willfully joined in it.

2            The object of the conspiracy to violate Title 18

3    United States Code, Section 1343 itself has three elements:

4            First, that the defendants devised a scheme to defraud

5    or obtain money or property by materially false or fraudulent

6    pretenses, representations or promises, or that they willfully

7    participated in such a scheme with knowledge of its fraudulent

8    nature;

9            Second, that the defendants acted with the intent to

10   defraud;

11           And, third, that in advancing further or carrying out

12   the scheme, the defendants transmitted any writing, signal or

13   sound by means of wire, radio or television communication in

14   interstate commerce or caused the transmission of any such

15   signal in interstate commerce.  The government would also be

16   obliged at trial to prove that the venue is proper in the

17   Southern District of New York by preponderance of the evidence.

18           THE COURT:  Thank you.

19           Mr. Shvarts, do you understand if you were to go to

20   trial, the government would need to prove all of those things

21   to a jury?

22           THE DEFENDANT:  Yes, I understand.

23           THE COURT:  Now, I'm going to discuss the maximum

24   penalties for this crime.  The maximum means the most that

25   could possibly be imposed.  It doesn't necessarily mean it's

H22QSHVp

1    the sentence you will receive, but you have to understand that

2    by pleading guilty, you're exposing yourself to the possibility

3    of receiving any combinations of punishments up to the maximum

4    I am about to describe.

5              So, first, with respect to your liberty, the maximum

6    term of imprisonment for this crime is 20 years in prison.  Do

7    you understand that?

8              THE DEFENDANT:  Yes, I understand.

9              THE COURT:  That term or any term of imprisonment, I

10   should say, may be followed by a term of supervised release of

11   up to three years.  Supervised release means that if you're

12   sentenced to prison, after your release from prison, you'll be

13   subject to the supervision of the probation department.  You'll

14   be required to obey certain rules.  If you violate those rules,

15   you could be returned to prison without a jury trial to serve

16   additional time even beyond your original sentence.  Do you

17   understand that?

18             THE DEFENDANT:  Yes, I do.

19             THE COURT:  You should also understand there is no

20   parole in the federal system.  So if you're sentenced to

21   prison, you will not be released early on parole, although

22   there's a limited opportunity to earn credit for good behavior.

23   Do you understand that?

24             THE DEFENDANT:  Yes, I do.

25             THE COURT:  In addition to those restrictions on your

H22QSHVp

1      liberty, the punishment for this crime includes certain

2      financial penalties.  The maximum allowable fine is $250,000 or

3      twice the gain you received from the crime or twice the loss to

4      any victims, whichever is greater.  And I'm required to impose

5      a mandatory special assessment of $100.  Do you understand

6      that?

7                THE DEFENDANT:  Yes, I understand.

8                THE COURT:  In addition, I must order restitution to

9      any persons or entities injured as a result of your criminal

10     conduct, and I can order you to forfeit all property derived

11     from the offense or used to facilitate the offense.  Do you

12     understand that those are the maximum penalties for this crime?

13               THE DEFENDANT:  Yes, I understand the maximum

14     penalties.

15               THE COURT:  Now, you should be aware that the

16     punishment that I've just described are ones that may be part

17     of a sentence, but being convicted of a felony may have other

18     consequences.  Are you a United States citizen?

19               THE DEFENDANT:  No, I'm not.

20               THE COURT:  Then you should understand that as a

21     result of your guilty plea, you may be removed from the United

22     States, and that in certain circumstances removal may be likely

23     or even mandatory.  Do you understand that?

24               THE DEFENDANT:  Yes, I do.

25               THE COURT:  You should also understand that you may be

H22QSHVp

1    denied citizenship or admission into the United States.  Do you

2    understand that?

3              THE DEFENDANT:  Yes, I understand.

4              THE COURT:  Did you discuss the possible immigration

5    consequences of your plea with your attorney?

6              THE DEFENDANT:  Yes, I have.

7              THE COURT:  Now, in imposing sentence, federal judges

8    are required to consider the Federal Sentencing Guidelines.

9    The guidelines are a complicated set of rules for determining

10   an appropriate sentence.  And although judges must take into

11   account the Sentencing Guidelines in determining a sentence, in

12   the end, the judge is required to give the sentence that she

13   believes best satisfies the purposes of the criminal law set

14   forth in a provision of the law, 18 United States Code, Section

15   3553(a) even if it's higher or lower than the guidelines

16   recommendation.  Have you discussed the Sentencing Guidelines

17   with your attorney?

18             THE DEFENDANT:  Yes, I have.

19             THE COURT:  Do you understand that they are only

20   recommendations to the Court?

21             THE DEFENDANT:  Yes, I do.

22             THE COURT:  Now, I understand that you've entered into

23   a written plea agreement with the government.  Is that correct?

24             THE DEFENDANT:  Yes, I did.

25             THE COURT:  I see what appears to be the original

H22QSHVp

1        agreement.  It's dated January 26, 2017.  I'm going to mark it

2        as Court Exhibit 1, and I'm going to ask you if that's your

3        signature on the final page.

4                THE DEFENDANT:  Yes, that's my signature.

5                THE COURT:  Did you read this agreement before signing

6        it?

7                THE DEFENDANT:  Yes, I did.

8                THE COURT:  I realize that it's a long document and

9        contains some technical legal language, but after reading it

10       and discussing it with your attorney, do you understand all the

11       terms of the agreement?

12               THE DEFENDANT:  Yes, I do.

13               THE COURT:  I'm going to ask the government to

14       summarize the terms of the agreement, please.

15               MR. DENTON:  Yes, your Honor.  The terms of the

16       agreement stipulate that the defendant agrees to certain

17       calculations in the Sentencing Guidelines.  In particular, as

18       relevant here, a loss amount that falls within the range of

19       $250,000 to $550,000, which results in a stipulated guidelines

20       range of 37 to 46 months' imprisonment.

21               The defendant agrees not to challenge by appeal or any

22       other collateral attack any sentence that is within or below

23       the stipulated guidelines range.  The government in turn agrees

24       not to appeal any sentence that is within or above the

25       stipulated guidelines range.  The defendant agrees not to file

1    a direct appeal with respect to any aspect of the government's

2    production of discovery or Giglio material to the defendant.

3    And, finally, the defendant also agrees that should his

4    conviction be vacated for any reason, he may be re-prosecuted

5    without regard to the statute of limitations.

6             THE COURT:  Did you understand all of that?

7             THE DEFENDANT:  The last part.

8             THE COURT:  Do you want to repeat the section with

9    respect to the statute of limitations?

10            MR. DENTON:  Yes, your Honor.

11            On page 5 of the agreement, the first full paragraph,

12   it provides that the defendant agrees that in the event that

13   his conviction is vacated here for any reason, any statute of

14   limitations that might otherwise time bar prosecution of the

15   offense charged in the indictment will not apply, and the

16   government will be able to prosecute him notwithstanding the

17   passage of time.

18            THE COURT:  Does that make sense to you?

19            THE DEFENDANT:  Yeah, it makes sense.

20            THE COURT:  I'm just going to discuss a couple of

21   those terms.  As Mr. Denton said, you and the government have

22   agreed that the appropriate guideline sentencing range here is

23   37 to 46 months in prison.  That means that neither you nor the

24   government can argue for a different guidelines calculation,

25   although you can seek a sentence outside of that range.  Do you

H22QSHVp

1    understand that?

2              THE DEFENDANT:  Yes, I do.

3              THE COURT:  So you should understand that the

4    agreement doesn't bind me in any way.  I'm required to make my

5    own independent calculation under the guidelines and to impose

6    a sentence based on what I believe is appropriate in this case.

7    So, you should understand that my calculation may differ from

8    the one that you've agreed to with the government.  I'm not

9    saying it will, but if it does, you won't be allowed to

10   withdraw your plea.  Do you understand that?

11             THE DEFENDANT:  Yes, I understand.

12             THE COURT:  In addition, with respect to the waiver of

13   appeal, you should understand that under this agreement, you're

14   giving up your right to appeal or otherwise challenge your

15   sentence as long as I sentence you to 46 months of imprisonment

16   or less.  So if I sentence you to more than 46 months in

17   prison, you have the right to appeal or otherwise challenge

18   your sentence under this agreement; but if your sentence is 46

19   months or less, you can't appeal under this agreement.  Does

20   that make sense?

21             THE DEFENDANT:  Yes, it makes sense.

22             THE COURT:  Also, with respect to your citizenship,

23   you should understand that you cannot appeal on the basis of

24   any actual or perceived immigration consequences, including

25   deportation, resulting from your guilty plea or conviction.  Do

H22QSHVp

1    you understand that as well?

2             THE DEFENDANT:  Yes, I understand.

3             THE COURT:  Did you willingly sign this agreement?

4             THE DEFENDANT:  Yes, I did.

5             THE COURT:  Did anyone threaten, bribe or force you to

6    sign the plea agreement or to plead guilty?

7             THE DEFENDANT:  No, they did not.

8             THE COURT:  Other than what's in the plea agreement,

9    has anyone offered you any inducement to plead guilty?

10             THE DEFENDANT:  What does that mean?

11             THE COURT:  Did they make any other promises to you --

12             THE DEFENDANT:  Oh, no, they did not.

13             THE COURT:  -- or is there anything else that they are

14    giving you in any way or anything else that makes you want to

15    plead guilty other than what's in the plea agreement?

16             THE DEFENDANT:  No.

17             THE COURT:  Has anyone made any promise to you as to

18    what your sentence will be?

19             THE DEFENDANT:  No, they have not.

20             THE COURT:  The reason I ask that question is I want

21    to make sure that you understand that even if anyone attempted

22    to predict what your sentence will be, that their prediction

23    could be wrong.  I say that because you should understand that

24    no one -- not your attorney not the prosecutor, not even I --

25    can be sure today what your sentence will be because that won't

1    be determined until I receive a presentence report, until I've

2    decided what the correct calculation of the range recommended

3    by the Sentencing Guidelines is, and whether there's any basis

4    for not following that recommendation.

5            So even if the sentence is different from what anyone

6    may have predicted or different from what you had hoped for,

7    you still won't be allowed to withdraw your plea on that basis.

8    Do you understand that?

9            THE DEFENDANT:  Yes, I understand.

10           THE COURT:  So now that you've been advised of the

11   charge against you and the possible penalties you face and the

12   rights you're giving up, is it still your intention to plead

13   guilty?

14           THE DEFENDANT:  Yes, it is.

15           THE COURT:  I'm going to ask you the official question

16   now.  With respect to Count One of the superseding indictment,

17   how do you plead?

18           THE DEFENDANT:  I plead guilty.

19           THE COURT:  So now tell me in your own words what you

20   did that makes you believe you are guilty of this offense.

21           THE DEFENDANT:  From March 2016 to April 2016, I

22   conspired with others to defraud the Apple stores in the

23   Southern District of New York.

24           THE COURT:  When you did that, did you know that what

25   you were doing was wrong and was illegal?

H22QSHVp

1          THE DEFENDANT:  Yes, I did.

2          THE COURT:  Did you use in any way the wires?  And by

3   that I mean, computers or phones or anything else as part of

4   this agreement?

5          THE DEFENDANT:  Yes, I did.

6          THE COURT:  Mr. Denton, are there any additional

7   questions you'd like me to ask?

8          MR. DENTON:  No, your Honor.

9          THE COURT:  Could you please summarize what the

10  government's evidence would be if the case were to go to trial.

11         MR. DENTON:  Yes, your Honor.

12         At trial, the government would prove the defendant's

13  involvement in the charged conspiracy through video evidence,

14  records of financial transactions, including wire transmissions

15  and witness testimony indicating the defendant's involvement in

16  a scheme to defraud retail stores operated by the technology

17  company Apple in the Southern District New York and elsewhere.

18         THE COURT:  Do the government and defense counsel

19  agree that there is a sufficient factual predicate for the

20  guilty plea?

21         MR. DENTON:  Yes, your Honor.

22         MR. MIRVIS:  Yes, your Honor.

23         THE COURT:  Mr. Shvarts, because you acknowledge that

24  you are in fact guilty as charged in the indictment; because

25  I'm satisfied that you understand your rights, including your

1    right to go to trial; and that you are aware of the

2    consequences of your plea, including the sentence which may be

3    imposed; and because I find that you are knowingly and

4    voluntarily pleading guilty, I accept your guilty plea to Count

5    One of the superseding indictment.

6            The probation department will want to interview you in

7    connection with the presentence report that I mentioned

8    earlier.

9            Does defense counsel wish to be present?

10           MR. MIRVIS:  Absolutely, Judge.  Yes.

11           THE COURT:  I order that it not take place without

12   your presence.  If you choose to speak to the probation

13   department, please make sure everything you say is truthful and

14   accurate.  I will read that report very carefully.  It will be

15   important to me in deciding what sentence to impose.

16           If there are any errors in it, you should let your

17   attorney know.  You can challenge anything that's in that

18   presentence report in advance of sentencing and at the

19   sentencing itself.

20           We are going to set the sentencing on for, is it

21   May 12?  Is that right?  And I think earlier you talked about

22   2:00.  We're going to make it 4:00.  So May 12 at 4:00.

23           The government shall provide the probation officer

24   with its factual statement within one week.  Defense counsel

25   shall arrange for the defendant to be interviewed by the

H22QSHVp

1       probation department in the next two weeks.

2             I would just like counsel to be familiar with my

3       individual rules and practices in criminal cases which contain

4       some rules regarding sentencing submissions, among other

5       things.  Defense counsel submissions are due two weeks prior to

6       sentencing, and the government submission is due one week prior

7       to sentencing.

8             There is a forfeiture allegation in this indictment as

9       well.  I don't believe that I asked, Mr. Shvarts, do you admit

10      or deny the forfeiture allegation in the indictment?

11            THE DEFENDANT:  I admit it.

12            THE COURT:  All right.  Now, the defendant shall

13      remain in custody pending sentence.  Are there any other

14      applications at the time?

15            MR. MIRVIS:  Judge, I wanted to make an application

16      for Mr. Shvarts to remain at MCC.  I believe there's a chance

17      that they may move him to MDC.  He's currently enrolled in, I

18      think, five or six different types of programs at the MCC, so I

19      just wanted him to be able to finish.

20            THE COURT:  Ultimately, it's up to the facility or to

21      the marshals, but I will make that recommendation.

22            MR. MIRVIS:  Thank you very much, Judge.

23            THE COURT:  We are adjourned.  Thank you.

24            MR. DENTON:  Thank you, your Honor.

25            (Adjourned)