```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

            v.                               16 Cr. 749 (RA)

BORIS SHVARTS,

            Defendant.

------------------------------x
                                             June 14, 2017
                                             10:30 a.m.

Before:

                    HON. RONNIE ABRAMS,

                                             District Judge

                        APPEARANCES

JOON KIM
    United States Attorney for the
    Southern District of New York
BY: NATHAN M. REHN
    Assistant United States Attorney

TONY MIRVIS
    Attorney  for Defendant
```

1          (Case called)
2          MR. REHN:  Good morning, your Honor.
3          Nathan Rehn, for the United States.  I am joined here
4    by my intern for the summer Mr. Edward Delman, from the Harvard
5    Law School.
6          MR. MIRVIS:  Tony Mirvis, appearing on behalf of
7    Mr. Shvarts, who is present to my right.
8          THE COURT:  Good morning.
9          This matter is on for sentencing.  Mr. Shvarts pled
10   guilty in February to conspiracy to commit wire fraud.  In
11   connection with today's proceeding I reviewed the following
12   submissions:  The presentence investigation report, dated April
13   24, 2017; Mr. Shvarts's sentencing submission, dated June 6,
14   with accompanying exhibits; and the government's sentencing
15   memorandum dated June 12.
16         Have the parties received each of these submissions?
17         MR. REHN:  Yes, your Honor.
18         MR. MIRVIS:  Yes, your Honor.
19         THE COURT:  So let's begin by discussing the
20   presentence report, which for those of you that are here who
21   may not know, it is prepared by the United States Probation
22   Department, and it contains information about the offense and
23   about the individual charged, including background,
24   educational, criminal history and other kind of information.
25         Mr. Mirvis, have you read the presentence report and

1     discussed it with your client?
2              MR. MIRVIS:  I have, your Honor.
3              THE COURT:  Mr. Shvarts, have you read the presentence
4     report and had enough time and opportunity to raise any errors
5     that there might be with your attorney?
6              THE DEFENDANT:  Yes, I have.
7              THE COURT:  Do you have any objection to the report?
8              MR. MIRVIS:  No, Judge.
9              THE COURT:  Does the government have any objections to
10    the presentence report?
11             MR. REHN:  No, your Honor.
12             THE COURT:  The Court adopts the factual finding in
13    the report.  The report will be made part of the record in this
14    matter and placed under seal.  If an appeal is taken, counsel
15    on appeal may have access to the sealed report without further
16    application to the Court.
17             So, Mr. Shvarts, you may remember that we discussed
18    the federal sentencing guidelines back when you pled guilty.
19    Again, for those of you that are here who may not know this,
20    this is what the federal sentencing guidelines look like.  They
21    are a set of rules.  They're published by the United States
22    Sentencing Commission, and they're designed to guide judges
23    when imposing sentence.  Although at one time they were
24    mandatory, meaning judges were required to follow the
25    guidelines, they are no longer binding, but nonetheless judges

1  must consider the guidelines in determining an appropriate
2  sentence.  That's the first thing we are going to do.
3          Do the parties agree with the guidelines calculation
4  in the presentence report and in your plea agreement pursuant
5  to which Mr. Shvarts is facing a guidelines range of 37 to 46
6  months?
7          I assume there's no dispute.
8          MR. REHN:  Yes, your Honor, as reflected in our
9  agreement.
10         THE COURT:  Exactly.  All right.
11         Based on the parties' agreement and my own independent
12 evaluation of the sentencing guidelines, I accept the
13 guidelines calculation in the presentence report.  I find that
14 Mr. Shvarts' offense level is 21, his criminal history category
15 is I, and his recommended guidelines sentence is 37 to 46
16 months.
17         As I said a moment ago, that range is only advisory.
18 Courts may impose a sentence outside of that range based on one
19 of two legal concepts:  A departure or a variance.
20         A departure allows for a sentence outside the advisory
21 range, based on some provision of the guidelines themselves.
22 In the plea agreement both parties agreed that no departure was
23 warranted.
24         Mr. Mirvis, the one question I have is that you make
25 an aberrant behavior argument in your submission.  Just to be

1   clear, you want me to consider that as a 3553(a) factor and not
2   as a departure argument?
3          MR. MIRVIS:  Yes, Judge.  Absolutely.
4          THE COURT:  Nevertheless, I've considered whether
5   there is an appropriate basis for departure from the advisory
6   range within the guidelines system, and, while recognizing that
7   I have the authority to depart, I don't find any grounds
8   warranting departure under the guidelines.  I do, though, also
9   have the power to impose a nonguidelines sentence based on a
10  variance, as you know.
11         Does the government wish to be heard with respect to
12  sentencing?
13         MR. REHN:  Your Honor, I believe we have covered our
14  views on the sentencing in our letter that was submitted to the
15  Court.  If the Court has any questions, I would be happy to
16  address them.
17         THE COURT:  My only question was just about how you
18  calculated loss amount.  My understanding is that the total
19  amount of the loss attributable to the conspiracy was $358,737.
20  But that the loss amount that Mr. Shvarts, that his conduct was
21  attributable to or the incidents that he was involved in led to
22  a loss of closer to $38,000.
23         Is that right?
24         MR. REHN:  That's correct.
25         THE COURT:  You know recognizing that legally he can

1    be held responsible for the loss amount of the entire
2    conspiracy to the extent that it was reasonably foreseeable to
3    him, nonetheless if the loss amount was limited to those
4    incidents, he would be facing a guidelines range of 12 to 18
5    months.  Does that sound right to you?
6            MR. REHN:  That's possible.  I haven't looked at the
7    numbers, but yes.
8            THE COURT:  All right.  Thank you.
9            Does defense counsel wish to be heard, Mr. Mirvis?
10           MR. MIRVIS:  Judge, likewise, I would like to rely on
11   the submission.
12           THE COURT:  Can you bring the microphone closer
13   please.
14           MR. MIRVIS:  Sure.
15           THE COURT:  Thank you, sir.
16           MR. MIRVIS:  Likewise, I would like to rely on my
17   submission.
18           However just a couple of things that I would like to
19   reiterate to the Court.  Mr. Shvarts was involved for
20   approximately one month to two months, it was March and maybe
21   the beginning of April, whereas while the conspiracy went from
22   March through October, Mr. Shvarts no longer committed any of
23   these overt acts in furtherance of the conspiracy.  Judge, he
24   withdrew.  He was the first person arrested.
25           He was the first person that pled guilty throughout

this case.  He's always maintained his responsibility, and he knows what he did was wrong.  Judge, also he would like to address the Court when given the opportunity.

THE COURT:  Yes.  Absolutely.

Mr. Shvarts, I read your letter, but I'm happy to hear anything you would like to say today.

THE DEFENDANT:  Yes.

THE COURT:  Just speak into the microphone so I can hear you.

THE DEFENDANT:  Your Honor, in March of 2016 I made terrible choices on a moral and practical level.  I acted selfishly and without regards for others and I broke the law.

I lied to my loving family --

THE COURT:  Slow down a little bit.

THE DEFENDANT:  I lied to my loving family, and I distanced myself from my true friends.  I learned a terrible lesson, and I'm prepared to face further consequences for my actions today.

I'm deeply sorry to everyone I have harmed.  I apologize to every single Apple store employee who felt cheated and swindled and to Apple for the monetary loss that they have sustained.

I would like to take this opportunity to thank my mom, my girlfriend, Aden, my family and friends who have supported me for the past -- since my arrest, and to everyone who was

H6ENSHVS

1   able to come here from Canada today.  I'm sorry for all your
2   pain, your worry, and the embarrassment I have caused you.
3           I'm sorry, your Honor.  I made a terrible choice and
4   for the last, like, eight months I think about it every single
5   day.  That's it.  I'm sorry.
6           THE COURT:  Thank you.
7           Is there any reason why sentence cannot be imposed at
8   this time?
9           MR. REHN:  No, your Honor.
10          MR. MIRVIS:  No, your Honor.
11          THE COURT:  I just want to ask the lawyers a quick
12  question at sidebar, OK.  Just off the record.
13          (Discussion at sidebar off the record)
14          THE COURT:  I would like to put something on the
15  record with the court reporter at sidebar.
16          (Page 9 sealed)

1                 (In open court)

2                 THE COURT:  I am required to consider the advisory

3     guidelines range of 37 to 46 months as well as various other

4     factors that are outlined in a provision of the law.  It's 18

5     United States Code, Section 3553(a), and I've done so.

6                 Those factors include but are not limited to the

7     nature and circumstances of the offense and the personal

8     history and characteristics of the defendant, because each

9     defendant must be considered individually as a person.

10                Judges are also required to consider the need for the

11    sentence imposed to reflect the seriousness of the offense,

12    promote respect for the law, provide just punishment for the

13    offense, afford adequate deterrence to criminal conduct,

14    protect the public from further crimes of the defendant, and

15    avoid unwarranted sentencing disparities among other things.

16                This conspiracy involved at least 10 coconspirators

17    who collectively perpetrated the scheme to defraud Apple dozens

18    of times around the country, causing over $350,000 in losses,

19    so this was a serious offense.

20                And although you, Mr. Shvarts, participated in the

21    scheme for a short period of time, my understanding is all

22    within March of 2016, you were involved in at least eight

23    successful incidents in which you played multiple roles,

24    including manipulating the Apple point-of-sale device to enable

25    fraudulent transactions to go through.

That said, you were the first member of the conspiracy to accept responsibility for your actions, to plead guilty. As the government has noted, this prompt willingness to accept responsibility together with your demonstrated remorse and lack of prior criminal history all weigh in favor of a below-guidelines sentence.

It is also worth noting that after serving the remainder of your sentence you will likely spend more time in immigration custody on your way back to Canada.

Finally, I've read all of the personal letters. I am sure that some of them are from those of you who are here in the courtroom. They describe you, among other things, as caring and genuine and kind. And the reason that those letters matter, among other things -- judges can't be driven by sympathy so it's not about that, but when I see someone who has a real strong support system and I feel like when he goes back into society that he will have people who are going to support him and help him get back on the track that he was on before, that's important to me.

In addition to a history of lawful employment, as I said, you clearly have this support network and friends and family who are committed to helping you transition back to your life in Canada. So I've considered all of those factors and the other factors set forth in the law, and I'm ready to impose sentence.

1         Please rise.

2         It is the judgment of this Court that you be sentenced
3    to a term of time served.  I believe that this sentence is
4    sufficient, but not greater than necessary, to comply with the
5    purposes of sentencing set forth in the law.  Although I expect
6    that you will promptly be deported, I am nonetheless going to
7    impose a term of one year of supervised release.

8         Please be seated while I describe the conditions of
9    your supervised release to the extent that it will apply to the
10   extent you are in the country as well as the other details of
11   your sentence.

12        All the standard conditions of supervised release
13   shall apply.

14        In addition, the mandatory conditions shall apply.

15        You shall not commit another federal, state, or local
16   crime;

17        You shall not unlawfully possess a controlled
18   substance;

19        You shall refrain from unlawful use of a controlled
20   substance;

21        You must submit to one drug test within 15 days of
22   release from imprisonment and at least two periodic drug tests
23   thereafter as determined by the Court;

24        You must cooperate with in the collection of DNA as
25   directed by the probation officer.

1            In addition, I am going to add the special conditions
2    recommended by the probation department:
3            You must obey the immigration laws and comply with the
4    directives of immigration authorities; and,
5            You must submit your person, residence, place of
6    business, vehicle, and any property or electronic devices under
7    your control to a search on the basis that the probation
8    officer has a reasonable suspicion that contraband or evidence
9    of a violation of the conditions of your supervised release may
10   be found.  The search must be conducted at a reasonable time
11   and in a reasonable manner.  Failure to submit to a search may
12   be grounds for revocation.  You must inform any other residents
13   that the premises may be subject to search pursuant to this
14   condition.
15           You must also provide the probation officer with
16   access to any requested financial information.
17           I am not going to impose a fine because the probation
18   department reports that you are unable to pay one.  I am,
19   though, imposing the mandatory special assessment of $100 which
20   shall be paid immediately.
21           Do I have a proposed restitution order?
22           MR. REHN:  A restitution order?  I do not, no.
23           THE COURT:  Sorry?
24           MR. REHN:  We haven't submitted a proposed restitution
25   order.

1            THE COURT:  Do you plan to?

2            MR. REHN:  Yes.

3            If the Court would prefer a written order, we can do

4    that within 90 days, well within 90 days.

5            THE COURT:  My understanding is that the restitution

6    order is joint and several, and it's for $358,739.83.

7            MR. REHN:  That is correct.

8            THE COURT:  I am ordering restitution to be joint and

9    several with the codefendants in that amount, but if you can

10   submit an order to that effect to be clear for the record.

11           MR. REHN:  Certainly, your Honor.

12           THE COURT:  Do you have thoughts on the payment

13   schedule?

14           MR. REHN:  I don't really have particular thoughts on

15   that.  I don't have a lot of information about the defendant's

16   ability to repay.

17           THE COURT:  OK.

18           I am just looking in the PSR.  I know they made a

19   recommendation with respect to payment schedule while

20   incarcerated, but I'm looking to see if they made a

21   recommendation with respect to payment schedule when he's no

22   longer incarcerated.

23           MR. REHN:  It looks like, your Honor, on page 26 --

24           THE COURT:  Right.

25           MR. REHN:  -- they suggest monthly installments of 20

H6ENSHVS

percent of gross monthly income.

THE COURT:  All right.

So, unless I hear an objection, I am going to order the payment schedule recommended by the probation department; namely, that the balance be paid in monthly installments of 20 percent of gross monthly income over the period of supervision to commence 30 days after the date of the judgment or release from custody.

And I'm notifying Mr. Shvarts that he must notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

In addition, while he's on supervised release, he must not incur new credit card charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule.

Is the government seeking forfeiture?

MR. REHN:  We are not, your Honor.

THE COURT:  OK.

Does either counsel know of any legal reason why this sentence cannot be imposed as stated?

MR. REHN:  No, your Honor.

MR. MIRVIS:  No, your Honor.

THE COURT:  Sentence is imposed.  That's the sentence of this Court.

H6ENSHVS

            You have a right to appeal your conviction and
sentence except to whatever extent you may have validly waived
that right as part of your plea agreement.  If you do choose to
appeal, the notice of appeal must be filed within 14 days of
the judgment of conviction.

            If you are not able to pay the cost of an appeal, you
may apply for leave to appeal in forma pauperis, which simply
means that court costs, such as filing fees, will be waived.
If you request, the Clerk of the Court will prepare and file a
notice of appeal on your behalf.

            Are there any open counts against the defendant?

            MR. REHN:  There are, your Honor.  There's a
superseding indictment with a count against the defendant which
we would move to dismiss at this time.

            THE COURT:  That will be dismissed.

            Mr. Shvarts, how long have you been in now?  Seven
months?

            THE DEFENDANT:  Since my arrest it's been eight, but I
have been in prison around seven months already.

            THE COURT:  As I said, I read your letter.  I'm glad
that you ignored the help of the so-called jailhouse lawyers,
as you noted, and you wrote the letter yourself.  Because
honestly, as a result, I think I got a better sense of who you
are.

            I agree with the government that you appear genuinely

remorseful and seem at least to have learned a lesson from this.  I hope that's true.  I hope you remember the shame and the gratitude that you feel right now or that you expressed in your letter; the shame for having done what you did and the harm it caused your family, but the gratitude that you appear to have for the love and support of all the people in this room and I'm sure others who aren't here today.

You know you broke the law and you were punished for it, and I think seven months in jail is a really serious punishment.  But this experience doesn't need to define you as a person.  You have a decision to make going forward in your life about whether you want to lead a law-abiding life and a productive life together at home with your friends and family or if you want to be in a situation like this again.  You are the only person who can make that decision.  And I'm hopeful that you make the right choice going forward.

THE DEFENDANT:  I will.

Thank you so much, your Honor.

THE COURT:  I wish you luck with it.

THE DEFENDANT:  Thank you.

THE COURT:  Are there are any other applications?

MR. REHN:  None from the government, your Honor.

MR. MIRVIS:  No, Judge.

THE COURT:  All right.

We are adjourned.

H6ENSHVS

1              MR. MIRVIS:  Thank you.
2              (Adjourned)