**Mark S. DeMarco**
Attorney At Law
3867 East Tremont Avenue
Bronx, New York 10465
718 239 7070
Fax 718-239-2141
MSDLaw@aol.com

February 4, 2018

The Honorable Ronnie Abrams
United States District Judge
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

**BY ECF & ELECTRONIC MAIL**

                        Re:   *United States v. Amir Ghahremanpour*
                                   16 Cr. 749 (RA)

Your Honor:

**Introduction**

In March 2016, Amir Ghahremanpour became involved in a fraud ring that engaged in numerous attempts to defraud Apple Computer Stores throughout the United States. Although this fraud ring engaged in at least 95 attempts to defraud Apple stores, as set forth in the Presentence Investigation Report ("PSR"),[1] Mr. Ghahremanpour's involvement was limited to two successful attempts, when he acted as a "distractor" or the person who simply distracted the store employee so that store merchandise could be fraudulently purchased. *See PSR, ¶ 40 & 41*. No one could reasonably characterize him as a leader or manager of this fraud ring. His role in the scheme and his earnings were minimal.

Indeed, Amir Ghahremanpour, who is an intelligent, soft-spoken man and incredibly remorseful young man, immediately and unhesitatingly accepted responsibility for participating in this conspiracy. Within days of his presentment in this Court, he indicated that he wished to plead guilty and, on December 7, 2018, he pleaded guilty to Count One of the indictment which charged him with conspiracy to commit wire fraud. He is scheduled to be sentenced on February 15, 2019.

According to the PSR prepared by the United States Probation Office, Amir's adjusted

---

[1] It must be noted that as of today, although I have been unable to review the expedited PSR with Mr. Ghahremanpour at the MDC Brooklyn which has been closed for legal visits due to a power outage, it is respectfully requested that he be sentenced as scheduled or sooner so that he can be removed from the reportedly inhumane conditions that currently exist at that facility.

Hon. Ronnie Abrams
February 4, 2019

guideline offense level is 18, which, when combined with his criminal history category of I, gives him an applicable sentencing range of 27 to 33 months' imprisonment.

This letter is submitted to provide information to assist this Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by *18 U.S.C. § 3553(a)* in light of *United States v. Booker*, 543 U.S. 220 (2005).

Mr. Ghahremanpour respectfully requests that the Court consider several important circumstances of this case in fashioning an appropriate sentence. First, the nature and circumstances of his involvement in this case renders him the least culpable of defendants. Moreover, this Court should consider Mr. Ghahremanpour's acceptance of responsibility and the sentences imposed by this Court on his co-defendants, most of whom are substantially more culpable than him.

Amir, a 29 year old man with a limited criminal history and strong family ties, who has already served roughly 15 months in prison, respectfully requests that this Court consider the nature and circumstances of his involvement in this case, his immediate acceptance of responsibility and the current uncivilized difficult conditions of incarceration at the Metropolitan Detention Center (MDC, Brooklyn)[2] in fashioning an appropriate sentence.

We respectfully submit that these circumstances warrant a sentence of time served, an appropriate sentence satisfying the objectives embodied in *Booker* and *§ 3553(a)*.

**Application of the Section *3553(a)* Factors Calls for a**
**<u>Sentence of Time Already Served</u>**

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005); see also *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines — that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must

---

[2] As this Court is well aware, according to several reports, the prison's troubles began on January 5, 2019, when it lost power. The heating began to falter during the week of January 20, 2019, when the cold became dangerous, leaving many of the inmates huddled in their beds in the dark and without hot meals.

Several lawmakers and the Federal Defender's Office, who toured the jail on Saturday, February 2, 2019, reported inhumane conditions of confinement, including temperatures as low as 49 degrees in the facility.

It is not known how and to what extent Mr. Ghahremanpour has been affected.

instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

  A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).  If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. See 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." Id.  Even though the Guidelines are now advisory rather than mandatory,[*Booker*, 543 U.S. at 245-46], the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006). The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007). The statement should demonstrate that the court "'considered the parties' arguments' and that it has a `reasoned basis for exercising [its] own legal decision making authority.'" *Cavera*, 550 F.3d at 193 (quoting *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007)).

  In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is prized. See, e.g., 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, The Growth of Incarceration in the United States, Exploring Causes and Consequences, 8 (2014) ("Parsimony: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

  Accordingly, a court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the Guidelines. *18 U.S.C. § 3553(a)*. The Guidelines range is the "starting point and the initial benchmark." *United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009) (quoting Gall v. United States, 552 U.S. 38 (2007))*. "A district court is authorized to depart from a Guidelines range if the court finds that 'there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" *United States v. Juvenile Male Po, 466 Fed. Appx. 14, 15 (2d Cir. 2012) (summary order) (citing 18 U.S.C. § 3553(b))*.

Hon. Ronnie Abrams
February 4, 2019

**The Sentencing Factors As Applied to**
**Amir Ghahremanpour**

*18 U.S.C. § 3553(a),* and *United States v. Crosby, 397 F.3d 103 (2d Cir. 2005)*, outline the task facing district courts in considering the guidelines. The court must determine the applicable guidelines range, and further consider applicable policy statements. After thus considering the guidelines, the Court must consider all the other factors set forth in *§ 3553(a)* before determining whether (i) to impose the sentence that would have been imposed under the guidelines, i.e. a sentence within the applicable guideline range or within permissible departure authority, or (ii) to impose a non-guideline sentence.

**The Need to Avoid Unwarranted Sentencing Disparities**

The most important factor that this Court should consider is its need to impose a proportionate sentence on Mr. Ghahremanpour. As stated above, a sentencing court is required to "consider the Guidelines 'sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant,' the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." *United States v. Booker, 125 S. Ct. at 764 (citations omitted).*

The following chart lists the sentences imposed to Mr. Ghahremanpour's co-defendants, several of whom are substantially more culpable.

| **Defendant** | **Sentence** |
| --- | --- |
| Boris Shvarts | Time Served |
| Ronny Yacoub | Time Served |
| Mohaamed Kalibar | Time Served |
| Loren Sadikov | 1 year, 1 day |
| Khalil Evans | Time served |
| Miguel Bahadur | 9 months |
| Ryan Nuez | Time served |
| Rodion Sadykov | 1 year, 1 day |
| Cameron Nasri | Time Served |
| Donovan Todd | Time Served |

As stated above, Mr. Ghahremanpour was not the leader of this conspiracy, but a mere "detractor" on two occasions. The 27- month guideline minimum sentence recommended by United States Probation is significantly greater than the sentences given to Amir's co-defendants, even those far more culpable than him.

Further, it is important to note that at the time of sentencing, Mr. Ghahremanpour will have

Hon. Ronnie Abrams
February 4, 2019

been incarcerated for roughly 15 months, 8 months exclusively on the instant indictment.[3]   A sentence of time served comes closest to satisfying § 3553(a)(6)'s mandate to avoid unwarranted sentencing disparities.

**Personal Characteristics**

### Mr. Ghahremanpour's Background

Amir Ghahremanpour was born in Tehran, Iran, on September 19, 1989, the youngest of two children born to Behrooz Ghahremanpour and Frazaneh Omid. He has one sister, Sarvenaz, age 37, who lives in Toronto, Canada, and works as a manager of a retail clothing store.

Amir was raised in Iran until his family relocated to Canada when he was 7 years old.  His father supported the family by operating an air conditioning and refrigeration company, while his mother worked for Sears as a salesperson in the mattress department.  Although his parents divorced when he was about 19 years old and his mother returned to Iran in 2018, Amir enjoys good relationships with both parents, who remain supportive.  Prior to his incarceration, he lived with his father in Ontario, Canada, where he will return upon his release from custody

### Education & Employment

Mr. Ghahremanpour earned his high school diploma in 2007 from the Pascal Academy in Richmond Hill, Ontario.  He subsequently attended one year of college at the University of Ryerson, where he studied Business Management until he became disinterested in school and began working with his father.  Since the age of 20, he has worked at his father's air conditioning and refrigeration company, where he plans to work upon his return to Canada and, hopefully, assume ownership when his father retires.

**Conclusion**

Amir Ghahremanpour is a good man who is remorseful for the crimes that have brought him before this Court.   He has already paid a heavy price for his mistakes, both financially and by the shame and embarrassment he has caused his family.

Accordingly, for the reasons set forth above,  it is respectfully requested that this Court adopt

---

[3] In November 2016, defendant was arrested in Toronto, Canada, for possession of a firearm.  After being released on bail, he was arrested in February 2017, on the instant indictment and held for extradition until bail was again posted for his release.  In September 2017, he surrendered for extradition; in November 2017, his extradition was postponed so that his firearm case could be resolved; in January 2018, he pleaded guilty to possessing the subject firearm and was sentenced to 22 month's imprisonment.  In October 2018, he was paroled, but detained on the instant indictment and, one month later, in November 2018, he was extradited to the United States.

Hon. Ronnie Abrams
February 4, 2019

a below-guidelines sentence of time served.[4] Such a sentence would take into effect the guidelines analysis and all of the sentencing factors of *18 U.S.C. § 3553*.

      Thank you for your attention to this matter.

Respectfully submitted,

*Mark S. DeMarco*

Mark S. DeMarco
Attorney for Amir Ghahremanpour

cc:    Nathan Rehn, Esq.
        David Denton, Esq.
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, NY  10007

---

[4] It is also respectfully requested that this Court take into account the time that Mr. Ghahremanpour, who, as a Canadian citizen will be removed upon completion of his sentence, will be detained in an immigration or BICE facility upon release.